UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF NEW YORK
-----------------------------------------------------------------------X
UNITED STATES OF AMERICA

        -against-

YASSER ASHBURN, JAMAL LAURENT, and
TREVELLE MERRITT,

                      Defendants.
-----------------------------------------------------------------------X

**MEMORANDUM & ORDER**

**11-CR-0303 (NGG)**

NICHOLAS G. GARAUFIS, United States District Judge.

This Memorandum and Order addresses the Government's motion in limine to preclude evidence, argument, or reference at trial to a prior New York State court prosecution and acquittal of Defendant Jamal Laurent. (Mot. in Limine to Preclude Reference to Prior Prosecutions and Acquittals ("Mot.") (Dkt. 307).)[1] For the reasons that follow, the Government's motion is GRANTED.

I.  **BACKGROUND**

The court presumes familiarity with the charges and alleged conducting underlying this racketeering prosecution. (See Feb. 11, 2015, Mem. & Order (Dkt. 332) at 1-5 (outlining the criminal charges and alleged conduct in this case).) The instant motion relates to the events of June 21, 2010, which have been the subject of several decisions by this court (see May 6, 2014, Mem. & Order (Dkt. 141); Jan. 9, 2015, Mem. & Order (Dkt. 257)), and thus will not be recounted in significant detail. As relevant here, on June 21, 2010, officers of the New York Police Department responded to a report that gunshots had been fired at a residence located at

---

[1] The Government's motion further addresses two additional, prior acquittals of Defendants in this case. First, on December 3, 1999, Defendant Yasser Ashburn was acquitted in Kings County Supreme Court following a jury trial on murder charges related to the stabbing of a 14-year-old boy in Brooklyn, New York. (Mot. at 1.) Second, on December 8, 2011, following a jury trial in federal court, Defendant Laurent was acquitted of receiving a firearm while under felony indictment in connection with a March 21, 2011, robbery that also took place in Brooklyn, New York. (Id. at 1-2.) Because the Government does not anticipate introducing evidence at trial regarding these incidents, the court does not address either one in this Memorandum & Order. (See id. at 1-2 & n.1.)

1

1445 Schenectady Avenue in Brooklyn, New York. (See May 6, 2014, Mem. & Order at 5.) When the officers arrived at that address, a resident, Siedel Chesney, reported that a firearm had been discharged from an adjacent bedroom belonging to Defendant Laurent, who—accordingly to Chesney—had since left the residence. (See id. at 5-6.) Chesney told the officers that shortly after the shot was fired, Laurent (along with two other men) came into Chesney's room, apologized, and requested that Chesney not call the police because Laurent was on probation. (Id. at 6.) When the officers examined Chesney's room, they observed a bullet hole in the wall (see id.), and a bullet fragment on the ground (see Jan. 9, 2015, Mem. & Order at 17). Subsequently, during a search of Laurent's room the officers recovered a 9 mm Smith & Wesson semi-automatic handgun, which was loaded with 13 rounds of ammunition. (See id. at 1, 14.)

Laurent was subsequently indicted in New York State Supreme Court, Kings County, in connection with the events of June 21, 2010. (See Donna R. Newman Aff., Ex. B, Trial Not., People v. Laurent, Indictment No. 6052/10 (N.Y. Crim. Ct.) (Dkt. 178-2).) Following a jury trial, on August 15, 2012, Laurent was acquitted on single charges of criminal possession of a weapon in the fourth degree and intimidating a witness or victim in the third degree. (Mot. at 2.) In the instant prosecution, however, Laurent is charged with shooting and killing Brent Duncan on June 19, 2010. (See Superseding Indictment (S-5) ¶¶ 12 (Count One, racketeering act 4: murder), 39-40 (Count Five: murder in-aid-of racketeering).) At trial, the Government anticipates proving that the firearm recovered from Laurent's bedroom on June 21, 2010, was the same weapon used in the murder of Brent Duncan two days earlier.[2] (Mot. at 2.)

In anticipation of Laurent's defense, the Government moves to preclude any reference to, or introduction of evidence regarding, the fact that Laurent was previously acquitted after being

---

[2] In a previous Memorandum & Order, this court determined that in addition to certain physical evidence, testimony related to the events of June 21, 2010—including the initial shots-fired call as well as the subsequent police response—is admissible at trial. (See Jan. 9, 2015, Mem. & Order (Dkt. 257).)

2

prosecuted by the Kings County District Attorney in connection with the events of June 21, 2010. (See id. at 3.) The Government argues that these matters are irrelevant, inadmissible hearsay, and "will only confuse the jurors as to their appointed task." (See id.) In response, Laurent contends that he should be permitted to introduce evidence of his prior acquittal not only because it places the events "into context," but also because it constitutes "strong evidence of the defense's position" that the gun did not belong to and was not fired by Laurent. (Feb. 3, 2015, Def.'s Ltr. in Resp. to Gov't Mot. in Limine ("Def.'s Resp.") (Dkt. 311) at 2-3.) Laurent also maintains that precluding evidence of his prior acquittal would result in even greater jury confusion. (See id. at 3.) As the following discussion illustrates, the court finds Laurent's arguments to be meritless.

## II. DISCUSSION

The Second Circuit has long held that absent claims of preclusion—whether based on collateral estoppel or double jeopardy—evidence of prior acquittals is not relevant at trial. In United States v. Viserto, 596 F.2d 531 (2d Cir. 1979), the court explained:

> A judgment of acquittal is relevant to the legal question of whether the prosecution is barred by the constitutional doctrine of double jeopardy or of collateral estoppel. But once it is determined that these pleas in bar have been rejected, a judgment of acquittal is not usually admissible to rebut inferences that may be drawn from the evidence that was admitted.

Id. at 537; see also United States v. Mahaffy, 693 F.3d 113, 126 n.9 (2d Cir. 2012). Here, Laurent does not, and could not, contend that double jeopardy or collateral estoppel preclude the Government from arguing that he fired or even possessed the relevant firearm on June 21, 2010. (See Jan. 9, 2015, Mem. & Order at 8 (noting Laurent's acquittal "has no preclusive effect on a subsequent federal prosecution, even if [he] were facing identical charges, which he is not").) Thus, since there is no legal bar to prosecution in this case, Laurent's prior acquittal is not

3

admissible to rebut any inferences the Government seeks to draw from the physical and testimonial evidence relating to the events of June 21, 2010. See Viserto, 596 F.2d at 537.

The legal basis for this rule is not abstruse. Evidence is relevant if "it has any tendency" to make more or less probable a fact that "is of consequence in determining the action." Fed. R. Evid. 401. But "'evidence of a prior acquittal is not relevant because it does not prove innocence but rather merely indicates that the prior proceeding failed to meet its burden of proving beyond a reasonable doubt at least one element of the crime.'" United States v. Gambino, 818 F. Supp. 536, 539 (E.D.N.Y. 1993) (quoting United States v. Kerley, 643 F.2d 299 (5th Cir. 1981)); Gentile v. Cnty. of Suffolk, 926 F.2d 142, 161 (2d Cir. 1991) ("[A] judgment of acquittal does not necessarily mean that the defendant is innocent; it means only that the government has not met its burden of proof beyond a reasonable doubt." (citing Viserto, 596 F.2d at 536-37)); United States v. Jones, 808 F.2d 561, 567 (7th Cir. 1986) ("Here, the acquittal shows only that state prosecutors failed to meet their burden of proof."). Thus, Laurent's argument that "[h]is trial and acquittal [are] strong evidence of the defense's position" that Laurent did not fire or possess the firearm on June 21, 2010, is simply incorrect as a matter of law. Even if Laurent were charged with the same crimes, which he is not, his prior acquittal in state court would have no bearing on the issues in this case.[3] See United States v. Amato, No. 03-CR-1382 (NGG), 2006 WL 1495497, at *3 (E.D.N.Y. May 26, 2006) (prior state court acquittal on murder charges not relevant in subsequent federal racketeering prosecution in which that same murder was charged as predicate act).

---

[3] Laurent suggests that his prior acquittal is relevant and thus admissible under the "spirit" of Federal Rule of Evidence 106, which states that "[i]f a party introduces all or part of a writing or recorded statement, an adverse party may require the introduction, at that time, of any other part—or any other writing or recorded statement—that in fairness ought to be considered at the same time." (Def.'s Resp. at 2.) Not only has Laurent failed to provide any case law indicating that a judgment of acquittal could constitute a "writing or recorded statement" within the meaning of Rule 106, but he has also failed to identify a single decision admitting such evidence on this basis. This court declines his invitation to be the first.

Moreover, Laurent's prior acquittal has even less bearing here, where the Government seeks to introduce this evidence as proof that Laurent committed the murder of Brent Duncan on June 19, 2010. (See Mot. at 2.) Whether Laurent possessed the murder weapon and intimidated a witness to or victim of the weapon's discharge two days later are not essential elements of the crimes with which he is charged: murder and murder in-aid-of racketeering. (See Superseding Indictment (S-5) ¶¶ 12, 39-40.) Thus, although this evidence is relevant and may support an inference that Laurent committed the murder, the Government has no obligation to prove beyond a reasonable doubt that Laurent possessed a weapon or intimidated a witness or victim on June 21, 2010. See, e.g., United States v. Jackson, 368 F.3d 59, 69 (2d Cir. 2004) ("The prosecution is not compelled to prove every fact beyond a reasonable doubt—only the essential elements of the offense charged.").

Of course, Laurent is not precluded from arguing to the jury that the gun did not belong to him and/or that it was not discharged from his room on June 21, 2010. (See Def.'s Resp. at 3.) He is merely prohibited from referring to his prior acquittal in state court as evidence in support of this argument, since this acquittal is irrelevant under Rule 401.[4] See Gambino, 818 F. Supp. at 539. If, as Laurent maintains, the inference that the Government seeks to draw from the events of June 21, 2010—that Laurent possessed the weapon used to murder Brent Duncan—"is not supported by the facts of the case," counsel is encouraged to point out specifically how the Government's facts do not support that inference.[5] That a state court jury found this inference

---

[4] Even if evidence of Laurent's prior acquittal were relevant, which it is not, it is also inadmissible as hearsay evidence. As the Second Circuit further explained in Viserto, "a judgment of acquittal is hearsay. The Federal Rules of Evidence except from the operation of the hearsay rule only judgments of conviction, not judgments of acquittal." 596 F.2d at 537 (citing Fed. R. Evid. 803(22)); see also Gambino, 818 F. Supp. at 539; Amato, 2006 WL 1495497, at *3.

[5] For example, the Government's proffered testimony may tend to show that there were two other men in Laurent's bedroom when the weapon was discharged on June 21, 2010. (See Jan. 9, 2015, Mem. & Order at 7 n.6.)

5

had not been proven beyond a reasonable doubt, however, is of no consequence in this trial.[5] See Fed. R. Evid. 401.

## III. CONCLUSION

Accordingly, for the reasons set forth above, the Government's motion is GRANTED. At trial, Laurent is prohibited from referring to his prior prosecution and acquittal in connection with the events of June 21, 2010. If the defense wishes to cross-examine a Government witness using testimony provided during Laurent's state trial, counsel may identify that case as a "prior proceeding," but may not refer to the nature of that proceeding or its outcome.

SO ORDERED.

Dated: Brooklyn, New York
February 1_, 2015

s/ Nicholas G. Garaufis
/NICHOLAS G. GARAUFIS
United States District Judge

---

[5] Laurent also argues that admitting evidence with respect to the events of June 21, 2010—without simultaneously disclosing the fact of his prior acquittal—would confuse the jury. (See Def.'s Resp. at 3 (citing Fed. R. Evid. 403).) This argument fails for two reasons. First, the court has already determined that evidence related to the events of June 21, 2010, is admissible as not unduly prejudicial or confusing under Rule 403. (See generally Jan. 9, 2015, Mem. & Order.) Second, insofar as Laurent's theory of jury confusion presumes that evidence of his prior acquittal is necessary to clarify any "negative inferences and misconceptions hanging in the jury's mind" (id.), this argument is precluded by the court's finding that his prior acquittal is not relevant under Federal Rule of Evidence 401. See supra Part II.