UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF NEW YORK
------------------------------------------------------------------X

UNITED STATES OF AMERICA

-against-

JAMAL LAURENT,

                Defendant.
------------------------------------------------------------------X

**ORDER**

**11-CR-303 (NGG)**

NICHOLAS G. GARAUFIS, United States District Judge.

On March 18, 2016, the court received a letter from Defendant Jamal Laurent, in which Defendant requested that the court set aside the $583,000 restitution judgment imposed against him as part of his judgment of conviction. (Ltr. (Dkt. 573); see also J. (Dkt. 555).) On May 6, 2016, the Government filed a letter opposing Defendant's request, on the ground that the court lacks jurisdiction to modify Defendant's sentence in this manner. (Gov't's Resp. in Opp'n (Dkt. 576).) The Government is correct, and Defendant's request is therefore DENIED.

While a court may modify the <u>schedule</u> of restitution payments or order immediate payment in full in the event of material changes in a defendant's circumstances, "such equitable authority [does] not extend to modifying the <u>amount</u> of restitution, which forms a component of the criminal sentence and thus 'may not be altered . . . except in narrow circumstances' delineated by statute." United States v. Zaman, No. 03-CR-0824 (FB), 2015 WL 778177, at *1 (E.D.N.Y. Feb. 24, 2015) (emphasis in original) (quoting United States v. Kyles, 601 F.3d 78, 83 (2d Cir. 2010)); see also Poindexter v. United States, 556 F.3d 87, 89 (2d Cir. 2009) ("A sentencing court may not modify a sentence once it has been imposed except under the limited conditions set forth in 18 U.S.C. § 3582."). Section 3582(c) permits the modification of an imposed sentence (1) upon the motion of the Director of the Bureau of Prisons, (2) as otherwise expressly permitted by statute or by Rule 35 of the Federal Rules of Criminal Procedure, or (3)

1

where the United States Sentencing Commission has subsequently lowered the applicable sentencing guideline range. As none of these circumstances are present here, the court lacks jurisdiction to grant Defendant's request to set aside his restitution order. See Zaman, 2015 WL 778177, at *1.

Furthermore, Defendant's restitution order is governed by the Mandatory Victims' Restitution Act (the "MVRA"), which dictates that "[i]n each order of restitution, the court shall order restitution to each victim in the full amount of each victim's losses as determined by the court and without consideration of the economic circumstances of the defendant." 18 U.S.C. § 3664(f)(1)(A). The MVRA sets out the narrow circumstances in which a restitution order may be modified, none of which are present here. See id. § 3664(o); United States v. Baudanza, No. 06-CR-0181 (RJD), 2014 WL 795639, at *4 (E.D.N.Y. Feb. 27, 2014) ("[T]he district court's jurisdiction to vacate or modify a restitution order once issued is quite limited.").

Finally, Defendant has an appeal pending before the Second Circuit. To the extent he seeks to challenge the judgment in his case, that claim is appropriately brought before the Second Circuit. The court also notes that the statutory time period in which to correct the judgment under Rule 35 of the Federal Rules of Criminal Procedure has long since passed.[1]

Accordingly, Defendant's request to set aside his restitution judgment is DENIED.

SO ORDERED.

Dated: Brooklyn, New York
May _, 2016

s/Nicholas G. Garaufis

NICHOLAS G. GARAUFIS
United States District Judge

---

[1] Rule 35 imposes a 14-day period within which a defendant must file a motion to correct a sentence for clear error.