UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF NEW YORK

UNITED STATES OF AMERICA,

-against-

JAMAL LAURENT,

Defendant.

MEMORANDUM & ORDER

11-CR-303 (NGG)

NICHOLAS G. GARAUFIS, United States District Judge.

Defendant Jamal Laurent ("Laurent" or "Defendant") brings this *pro se* motion requesting a two-point reduction of his criminal history points "based upon new case law." (Def.'s Mot. for Reduction ("Mot.") (Dkt. 699).) This court construes the Defendant's request as a motion for a sentence reduction under 18 U.S.C. § 3582(c)(2) based upon the retroactive application of Amendment 821 to the United States Sentencing Guidelines (the "Guidelines" or the "Sentencing Guidelines"). *See* U.S. Sent'g Comm'n, Guidelines Manual ("U.S.S.G.") §§ 1B1.10, 4A1.1. The Government opposes the motion. (Gov't Opp. (Dkt. 705).) For the reasons set forth below, the Defendant's motion is DENIED.

## I.   BACKGROUND

On March 17, 2015, Jamal Laurent was found guilty by jury verdict of 9 counts of a 14-count indictment. (Jury Verdict (Dkt. 454).) Specifically, Laurent was convicted of racketeering, in violation of 18 U.S.C. §§ 1961(1), 1961(5), and 1963(a) (Count One); racketeering conspiracy, in violation of 18 U.S.C. §§ 1962(d) and 1963(a) (Count Two); three counts of unlawful use of firearms, in violation of 18 U.S.C. § 924(c)(1)(A) (Counts Three, Seven, and Ten), murder in aid of racketeering, in violation of 18 U.S.C. §§ 1959(a)(1) and 1959 (Count Five); assault with a dangerous weapon in aid of racketeering, in violation of 18 U.S.C. § 1959(a)(3) (Count Six); and two counts of Hobbs

1

Act robbery conspiracy, in violation of 18 U.S.C. § 1951(a) (Counts Eight and Nine). (Judgment (Dkt. 555) at 2.)

These convictions stem from Laurent's involvement in the Six Tre Outlaw Gangsta Disciples Folk Nation ("Six Tre" or "Folk Nation"), a Brooklyn street gang engaged in violent acts, including intimidation and threats, murder, attempted murder, and multiple armed robberies. (*See* Presentence Investigation Report ("PSR") (Dkt. 497) ¶¶ 12-16.) Under Count Five, Laurent was found guilty of the homicide of Brent Duncan, whom Laurent shot on the street believing Duncan was a member of a rival gang. (*Id.* ¶¶ 5, 28.) Laurent was also found guilty under Count Eight of the attempted murder and shooting of Louis Ivies. (*Id.* ¶¶ 17, 29.)[1] Additionally, Laurent participated in the attempted robbery and homicide of Dasta James, (*id.* ¶ 31), a jewelry store robbery conspiracy, (*id.* ¶ 25), and an internet marketplace robbery conspiracy. (*Id.* ¶ 30.)

During his trial, Laurent engaged in obstructive behavior, involving both threats and overt acts of violence. This behavior included "failing to appear for a judicial hearing, attempting to leave the courtroom during a judicial hearing, making threats against Deputy U.S. Marshals, making threats against [the court], injuring Deputy U.S. Marshals, and engaging in destruction of Government property." (*Id.* ¶ 75.) In one instance, while being transported to the courthouse by the U.S. Marshals on February 12, 2015, Laurent aggressively banged on the steel of the transport vehicle until the window shattered. (*Id.*) As deputies tried to restrain him, he "attempt[ed] to bite, spit at and kick the deputies." (*Id.*) Due to this behavior, this court recommended at

---

[1] Ivies is identified as Ricardo Jacquet in Laurent's PSR. (*See id.*) However, per the addenda filed in this case, the Probation Department has since clarified that Jacquet's true name is Louis Ivies. (*See* Def. Yasser Ashburn PSR Addendum (Dkt. 571) at 2.)

sentencing that Laurent be incarcerated in "the most secure environment available . . . to protect other prisoners and staff from his unpredictable and violent behavior and demeanor." (Judgment at 3.)

With respect to sentencing, Laurent had a total of five criminal history points. (PSR ¶ 170.) Three of those points came by way of Laurent's previous conviction for robbery in the third degree in 2009. (*Id.* ¶¶ 167-68.) Two additional criminal history points were assessed under the prior U.S.S.G. § 4A1.1(d) provision because Laurent was still under parole supervision at the time he committed the federal offenses at issue. (*Id.* ¶ 169.) As a result, Laurent was placed in Criminal History Category III. (*Id.* ¶ 170.) Combined with his total adjusted Offense Level of 47, the Guidelines range for Laurent was life imprisonment. (Statement of Reasons (Dkt. 556) at 1.)

On November 25, 2015, this court sentenced Laurent to life in prison on Counts One and Two, to run concurrently with each other; life in prison on Count Three, to run consecutively to all other counts; life in prison on Count Five, to run consecutively to all other counts; 20 years on Counts Six, Eight, and Nine, to run concurrently with each other and with Counts One and Two; life in prison on Count Seven, to run consecutively to all other counts; and life in prison on Count Ten, to run consecutively to all other counts. (Judgment at 4.) On appeal, the Second Circuit dismissed Laurent's conviction under Count Ten. *See United States v. Laurent*, 33 F.4th 63, 93 (2d Cir. 2022) (reversing Defendant's conviction under Count Ten, holding that the Hobbs Act robbery conspiracy cannot satisfy the "crime of violence" element under 18 U.S.C. § 924(c)(3)(A)).[2]

---

[2] In reversing, the Second Circuit relied on cases that were determined after Laurent's sentencing. *See id.* (citing *United States v. Davis*, 588 U.S. 445 (2019) and *United States v. Barrett*, 937 F.3d 126, 130 (2d Cir. 2019)).

Laurent, *pro se*, now comes before the court requesting a two-point reduction in his criminal history points "based upon new case law." (Mot.) Although Laurent does not mention the legal authority pursuant to which he makes this motion, his parole status at the time of the instant federal offenses prompts this court to construe Laurent's request as a motion made pursuant to 18 U.S.C. § 3582(c)(2).[3] (*See generally* Mot.) The Government opposes the motion, asserting that Laurent is not entitled to a sentence reduction under the statute. (Gov't Opp. at 4.)

## II.  LEGAL STANDARD

"'A court may not modify a term of imprisonment once it has been imposed except pursuant to statute.'" *United States v. Alvarez*, No. 89-CR-229 (JS), 2020 WL 4904586, at *1 (E.D.N.Y. Aug. 20, 2020) (quoting *United States v. Rabuffo*, No. 16-CR-148 (ADS), 2020 WL 2523053, at *1 (E.D.N.Y. May 14, 2020)).[4]

Section 3582(c)(2) permits a federal court to reduce a defendant's sentence if the defendant's original sentence was based on a Guidelines range that has been subsequently lowered by the United States Sentencing Commission (the "Sentencing Commission") when that modification is made retroactive. *United States v. Martin*, 974 F.3d 124, 136, 139 (2d Cir. 2020).

Courts undertake a two-step process when presented with a motion to reduce sentence under section 3582(c)(2):

---

[3] *See Triestman v. Fed. Bureau of Prisons*, 470 F.3d 471, 474 (2d Cir. 2006) (acknowledging "[i]t is well established that the submissions of a *pro se* litigant must be construed liberally and interpreted 'to raise the strongest arguments that they *suggest*'" (quoting *Pabon v. Wright*, 459 F.3d 241, 248 (2d Cir. 2006))) (collecting cases).

[4] When quoting cases, unless otherwise noted, all citations and internal quotation marks are omitted, and all alterations are adopted.

> At step one, § 3582(c)(2) requires the court to follow the Commission's instructions in [U.S.S.G.] § 1B1.10 to determine the prisoner's eligibility for a sentence modification and the extent of the reduction authorized. . . . At step two of the inquiry, § 3582(c)(2) instructs a court to consider any applicable § 3553(a) factors and determine whether, in its discretion, the reduction authorized . . . is warranted in whole or in part under the particular circumstances of the case.

*Dillon v. United States*, 560 U.S. 817, 827 (2010).

Thus, a court must first determine whether the amended Guidelines range would have been applicable to the defendant had it been in effect at the time of sentencing, and consequently would have resulted in a lower sentence than the one originally applied. *See United States v. Baez*, No. 19-CR-463 (DLC), 2024 WL 1250583, at *1 (S.D.N.Y. Mar. 22, 2024).

If eligibility for a sentence reduction is established under step one, the court proceeds to step two of the analysis by considering the factors set forth in section 3553(a)[5] to determine whether to exercise its discretion in granting a sentence reduction. *Baez*, 2024 WL 1250583, at *1. Within this framework, the court must

---

[5] These factors are: (1) the nature and circumstances of the offense and the history and characteristics of the defendant; (2) the need for the sentence imposed to reflect the seriousness of the offense, promote respect for the law, provide just punishment for the offense, afford adequate deterrence to criminal conduct, protect the public from further crimes of the defendant, and provide the defendant with needed educational or vocational training, medical care, or other correctional treatment in the most effective manner; (3) the kinds of sentences available; (4) the applicable sentencing guidelines range; (5) any pertinent policy statement; (6) the need to avoid unwarranted sentence disparities among defendants with similar records who have been found guilty of similar conduct; and (7) the need to provide restitution to any victims of the offense. 18 U.S.C. § 3553(a).

also consider whether the reduction is consistent with applicable policy statements issued by the Sentencing Commission. *See* 18 U.S.C. § 3582(c)(2). Relevant here, U.S.S.G. § 1B1.10(a)(2)(B) states that a sentence reduction is not authorized under section 3582(c)(2) if "an amendment . . . does not have the effect of lowering the defendant's applicable guideline range." *See also United States v. Jarvis*, 883 F.3d 18, 21 (2d Cir. 2018) ("[A] sentence reduction is not authorized if an amendment to the Guidelines range is applicable to the defendant but the amendment does not have the effect of lowering the defendant's applicable guideline range because of the operation of another guideline or statutory provision.").

## III. DISCUSSION

The Defendant is not eligible for a sentence reduction under 18 U.S.C. § 3582(c)(2). Laurent is correct in his assertion that he is eligible for a two-point reduction in criminal history points per Amendment 821 to the Sentencing Guidelines; however, this reduction in criminal history points is not sufficient to qualify Laurent for a sentence reduction.

At the time of Laurent's sentencing, then-section 4A1.1(d) provided for the addition of two criminal history "status" points if the defendant committed the offense of conviction while under a criminal justice sentence, including probation, parole, supervised release, imprisonment, work release, or escape status. *See* U.S.S.G. § 4A1.1(d) (2015). Part A of Amendment 821 to the Sentencing Guidelines, which was made effective November 1, 2023, eliminated the addition of such "status points" for a defendant with less than seven criminal history points, and applies retroactively. *See* U.S.S.G. § 4A1.1(e) (2023); U.S.S.G. § 1B1.10(d).

6

When computing his Guidelines range, two "status points" were added to Laurent's criminal history calculation because he committed the instant offenses while on parole supervision for his 2009 robbery, reflecting an application of the pre-amendment language of U.S.S.G. § 4A1.1(d). (PSR ¶ 169.) And because Laurent had five criminal history points at the time of sentencing, two of which were "status points," Amendment 821 applies to Laurent. *See Baez*, 2024 WL 1250583, at *1. As such, the Defendant's two previously assessed "status points" would be removed, leaving him with three criminal history points.[6] This change would move Laurent from Criminal History Category III, down to Criminal History Category II. (*See* PSR ¶ 170.) *See also* U.S.S.G. Sentencing Table, Ch. 5, Pt. A. However, eligibility for a change in Criminal History Category does not necessarily warrant a sentence reduction. *See United States v. Woods*, No. 18-CR-33 (NGG), 2024 WL 3758817, at *3 (E.D.N.Y. Aug. 12, 2024) (finding defendant ineligible for a sentence reduction despite his eligibility for criminal history recategorization).

Despite a lower Criminal History Category, Laurent's motion still fails at step one of the two-part inquiry because the reduction does not affect his applicable Guidelines range. *See* U.S.S.G. § 1B1.10(a)(2)(B); *Baez*, 2024 WL 1250583, at *1 ("Courts may not reduce a term of imprisonment under § 3582(c)(2) 'to a term that is less than the minimum term of imprisonment specified by a subsequently lowered Guidelines range.'" (citing *United States v. Young*, 998 F.3d 43, 46 n.1 (2d Cir. 2021)); *see also Jarvis*, 883 F.3d at 21. Amendment 821 has no bearing on Laurent's total adjusted Offense Level, which remains at 47. With Laurent's revised Criminal History Category of II and an Offense Level of 47, application of the current Sentencing Guidelines still results in a

---

[6] The remaining three criminal history points result directly from Laurent's previous conviction for robbery in the third degree in 2009. (PSR ¶ 167.)

term of life imprisonment.[7] U.S.S.G. Sentencing Table, Ch. 5, Pt. A. Because the amended Guidelines range would not result in a lower sentence than the one originally applied, Laurent is ineligible for a sentence reduction under 18 U.S.C. § 3582(c)(2). *See* U.S.S.G. § 1B1.10(a)(2)(B); *United States v. Sanchez*, No. 01-CR-170 (MKB), 2024 WL 3328608, at *3 (E.D.N.Y. July 8, 2024) (finding defendant ineligible for a sentence reduction under section 3582(c)(2) because Amendment 821 did not lower his Guidelines range).

As the Defendant is ineligible for the relief sought, this court need not consider the factors set forth in 18 U.S.C. § 3553(a) to determine whether the court should grant a reduction. *See United States v. Prescod*, No. 18-CR-162 (NGG), 2024 WL 3758820, at *3 (E.D.N.Y. Aug. 12, 2024); *United States v. Tejeda*, No. 11-CR-1015 (DC), 2024 WL 1676329, at *2 (S.D.N.Y. Apr. 18, 2024).

However, the court notes that both Laurent's offense conduct and his conduct at trial were extremely disturbing. Further, Laurent's motion, while styled as a letter requesting assistance in his application for eligibility,[8] is devoid of any discussion of post-sentencing rehabilitation. The extraordinary circumstances of Laurent's case, absent any mitigating factors suggesting otherwise, justify the sentence imposed.

Accordingly, Laurent's motion is DENIED.

---

[7] Additionally, Laurent's conviction under 18 U.S.C. § 1959(a)(1) for murder in aid of racketeering (Count Five) carries a mandatory minimum sentence of life in prison. *See United States v. Smith*, No. 21-2487, 2024 WL 276738, at *4 (2d Cir. Jan. 25, 2024) (rejecting defendant's argument that the plain text of section 1959(a)(1) allows a district court to impose a fine, instead of death or life imprisonment) (summary order); *see also United States v. James*, 239 F.3d 120, 127 (2d Cir. 2000).

[8] While the court notes that one could construe his letter as a request for the appointment of counsel, the court finds such a request mooted by the fact that he is ineligible for the relief sought.

8

## IV.  CONCLUSION

For the reasons discussed *supra*, the Defendant's motion for a reduction in sentence under 18 U.S.C. § 3582(c)(2) is DENIED.

SO ORDERED.


Dated:      Brooklyn, New York
            October 4, 2024

s/Nicholas G. Garaufis

NICHOLAS G. GARAUFIS
United States District Judge

9